IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOHN DOE**                                                                                    **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 2:18-CV-153-KS-MTP**

**THE UNIVERSITY OF SOUTHERN
MISSISSIPPI,** *et al.*                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Plaintiff John Doe's Emergency Motion for Temporary Restraining Order and Injunctive Relief [5].[1] Defendants have not responded in writing, but a brief hearing on the emergency motion was heard on August 24, 2108. Having reviewed the motion and heard arguments from counsel, and otherwise being duly advised in the premises, for the reasons set forth below, the motion will be **denied without prejudice** to the preliminary injunctive relief sought, for which a hearing will be held on September 10, 2018.

### I. BACKGROUND

According to the documents filed in support of this emergency motion, by letter dated August 10, 2018, the University's Title IX Office advised Plaintiff that, following an investigation that occurred in July 2018, the University's investigative panel had determined that Plaintiff violated the University's Sexual Misconduct Policy, that disciplinary sanctions would be issued, and that Plaintiff would be informed of the sanctions no later than August 24, 2018. [10 at Ex. C and D]. In a letter dated August 21, 2018, the Vice President of Student Affairs notified

---

[1] Plaintiff seeks the present temporary restraining order and requests a later hearing on a preliminary injunction. [5 at pp. 10, 13].

1

Plaintiff that a sanction of a one-year suspension was being imposed. [10 at Ex. E]. On August 23, 2018, Plaintiff filed this emergency motion pursuant to Federal Rule of Civil Procedure 65(b)(1), requesting a temporary restraining order ("TRO")/temporary injunction and seeking the following relief:

(1) enjoining the Defendants from violating John Doe's constitutional rights and rights established under Title IX;

(2) enjoining them from continuing the discriminatory, arbitrary, capricious and unlawful disciplinary action that was issued against him;

(3) requiring the University to immediately restore the Plaintiff as a student in good standing at the University;

(4) allowing the Plaintiff to enroll and attend courses with the University of Southern Mississippi at the beginning of next term;

(5) allowing Plaintiff to have unrestricted on-campus access to his classes and non-residential University buildings; and

(6) prohibiting further disciplinary proceedings and retaliatory conduct against the Plaintiff pending resolution of the matter.

## II. DISCUSSION

"The purpose of a preliminary injunction is to preserve the status quo and thus prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits." *Exhibitors Poster Exchange, Inc. v. Nat'l Screen Svc. Corp.*, 441 F.2d 560, 561 (5th Cir. 1971). It has long been the law that to be entitled to injunctive relief, a party must show "(1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that irreparable injury will result if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to defendant, and (4) that granting the preliminary injunction will not disserve the public interest." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (citing *Canal Authority of State of Fla. v. Callaway*, 489 F.2d 567 (5th

Cir. 1974)). A preliminary injunction is an extraordinary remedy and should not be granted unless the party prevails on all four elements. *Planned Parenthood Ass'n of Hidalgo Cty. Tex,, Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012).

In this case, Plaintiff is seeking not only prohibitory injunctive relief, but also, more importantly, mandatory injunctive relief, which requires the University to take action. *See Meghrig v. KFC W., Inc*. 516 U.S. 479, 484 (1996) (explaining that a prohibitory injunction "restrains" a party from acting whereas a mandatory injunction requires a party to "take action"). Mandatory injunctions are "particularly disfavored." *Pham v. Univ. of La. at Monroe*, 194 F. Supp. 3d 534, 543 (W.D. La. 2016)(quoting *Roark v. Individuals of Fed. Bur. of Prisons, Former and Current*, 558 Fed. Appx. 471 (5th Cir. 2014)). Only in rare instances is the issuance of this type of injunction proper, and a mandatory injunction at the early stages of the proceedings simply "should not be issued unless the facts and law clearly favor of the moving party." *Id.*; *Harris v. Wilters*, 596 F.2d 678, 680 (5th Cir. 1979) (citing *Exhibitors*, 441 F.2d at 561); *Miami Beach Fed. Sav. & Loan v. Callander*, 256 F.2d 410, 415 (5th Cir. 1958). Whether or not an injunction shall issue is within the sound discretion of the trial court. *Exhibitors*, 441 F.2d at 561.

The Court finds that Plaintiff has failed to carry his burden of showing entitlement to the extraordinary remedy of mandatory injunctive relief by way of a TRO. Considering the brief arguments by counsel at the hearing on August 24, 2018, the Court is not convinced that the facts and law clearly favor Plaintiff at this juncture. That is not to say Plaintiff will not be able carry his burden at the full hearing on entitlement to a preliminary injunction, but for now, putting that observation aside, Plaintiff has not shown that such an extraordinary remedy is required temporarily prior to the full hearing because Plaintiff has simply failed to carry his burden under Rule 65.

Federal Rule of Civil Procedure 65 provides the procedures for both injunctions and TROs. Plaintiff sought a TRO without notice pursuant to Rule 65(b)(1), which provides that a temporary restraining order may be issued without notice to the adverse party only if:

> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and
> (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The Court finds that neither element has been met. Although the Plaintiff filed an affidavit in support of the emergency motion, it failed to show that an immediate and irreparable injury or loss would result *before the Defendants could be heard*. In his affidavit, Plaintiff avers that if the suspension is allowed to go on for just another week, then the harm will be irreversible because he claims he will miss too many classes to make up, and so he "would likely fail if [he is] forced to start the classes late. [He] will miss too many practices to catch up." [10 at Ex. B ¶ 33]. He goes on to claim that he "will likely lose [his] scholarship . . . ." and that his "life and life goals" will be ruined if he cannot start school next week. [10 at Ex. B ¶¶ 34, 36].

While these despairing speculations could perhaps come to pass if an injunction is not eventually granted, it has not been shown why the relief must be granted *before the adverse party can be heard*. A hearing is now set for September 10, 2018. Classes are set to start August 29, 2018, which is a Wednesday. Monday, September 3 is Labor Day, and no classes will be held. Should Plaintiff prevail at the formal preliminary injunction hearing, at best he will miss a few classes in each subject, as classes do not normally meet every day, and there is no certainty that he will fail by missing a few initial class meetings.

Per Rule 65(b)(1)(B), the movant's attorney is to certify the efforts made to give notice and the reasons why notice should not be required. Mr. Waide's certification begins on Page 11

4

and fails to address *any* efforts made to give notice—only that notice should not be required because classes begin in less than a week and it would be impossible to serve the parties, retain counsel and coordinate a hearing in time for Plaintiff to register and begin classes. There is nothing in the rule requiring formal process of the pleadings, but only notice of the request for a TRO. The Advisory Committee Notes to the 1966 amendment to Rule 65 discuss the importance of notice, which can be simply telephonic notice if such can be reasonably done. And it could have been easily done. In fact, the Court was able to provide notice and hold a short emergency hearing with a few simple telephone calls.

In addition to the foregoing, Court also denies the TRO because it finds the Plaintiff's own inaction brought on the emergency nature of the motion for which he now seeks extraordinary, mandatory relief. Because a preliminary injunction is typically used to preserve the status quo, the more appropriate time to act was after receiving the August 10 letter, when Plaintiff was informed that the panel found he had violated the University's Sexual Misconduct Policy, that disciplinary sanctions would be issued, and that Plaintiff would be informed of the sanctions no later than August 24, 2018.  Moving to preserve the status quo at that time, before the sanctions were issued and almost three weeks classes started, rather than six (6) days before classes started would have avoided this emergency situation Plaintiff now finds himself in.

### III. C<small>ONCLUSION</small>

Plaintiff has failed to carry his burden of showing entitlement under Rule 65(b)(1) to an emergency TRO that provides for mandatory injunctive relief. Whether or not the Plaintiff will ultimately be entitled to a preliminary injunction will be resolved at a time when the parties can both be heard on the elements. As such, the motion will be denied without prejudice to resolving the motion for preliminary injunction. A hearing on the preliminary injunction will be held on

September 10, 2018 and will continue on September 17, 2018, should the parties not complete their presentation of evidence.

    SO ORDERED AND ADJUDGED this 28th day of August, 2018.

                                                                _/s/ Keith Starrett_____
                                                                KEITH STARRETT
                                                                UNITED STATES DISTRICT JUDGE