IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOHN DOE**                                                                    **PLAINTIFF**

**V.**                                                    **CAUSE NO: 2:18-cv-00153-KS-MTP**

**THE UNIVERSITY OF SOUTHERN MISSISSIPPI;**
**STATE INSTITUTIONS OF HIGHER LEARNING ("IHL");**
**STATE OF MISSISSIPPI; RODNEY D. BENNETT in his official**
**Capacity; and DOES 1-10**                                 **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF MOTION FOR SECOND TEMPORARY**
**RESTRAINING ORDER AND INJUNCTIVE RELIEF**

COMES NOW PLAINTIFF, and makes this, his Memorandum in Support of Motion for Second Temporary Restraining Order and Injunctive Relief, and would show unto Court the following facts and arguments, to wit:

### INTRODUCTION

The Defendants have elected to move forward with a second hearing on the dubious misconduct allegations made against Doe by Roe[1], without allowing Doe to cross-examine his accuser. Instead of providing due process at the second hearing, the Defendants are attempting to test the bounds of due process and achieve the "bare minimum," and nothing more by still refusing to allow Doe to cross examine his accuser. Defendants newest attempt falls short of providing Doe due process. The Defendants' newly formulated "process" continues to deprive Doe of his rights under the Constitution and under this Court's prior order, and this Court must enter a second injunction prohibiting the Defendants from further depriving Doe of due process under the law until such time as the due process rights of Doe are protected.

---

[1] At this point, the Court is familiar with the facts and circumstances which forced Doe to bring this matter in the first place. Instead of rehashing facts and legal arguments, Doe would re-urge all prior arguments and facts as though fully restated herein.

## ARGUMENT

On October 15, 2018 the Defendants forwarded their "revised" process for the hearing before the SMIT panel. **Exhibit A**. The revised process remains largely unchanged except that Doe and Roe can each sit in a room and listen to the other being questioned using a video conference[2]. Neither Roe, nor Doe, is allowed to be present in the same room, nor is a representative of either allowed to be present in the room while the other is questioned. The same goes for witnesses.

Both Roe and Doe will be allowed to submit questions to the SMIT panel, and the SMIT panel will determine whether or not they desire to ask any questions which are submitted. Doe is not provided any recourse regarding questions or follow-up, other than to explain why Doe wants the SMIT panel to ask a question. The burden of proof will remain "preponderance of the evidence," even though this process has gone from an investigation to a prosecution by allowing Roe to provide questions to the SMIT panel[3].

Counsels attempted to resolve the dispute over due process and Doe's right to cross-examine the accuser and the burden of proof, through counsel, but no agreement could be reached. A young man's future lies in the balance, and the Defendant wants to provide the bare minimum, while even failing to reach the bare minimum with their revised process.

    i.    **Issues**

The revised process raises several issues with due process, which is discussed further herein. Another troubling issue is the Defendants' inability to assure undersigned counsel and Doe that the newly appointed "fact finders" on the SMIT panel have no knowledge of the prior

---

[2] The person being questioned will not be able to see the other party
[3] Doe has a constitutional right to cross-examine and confront his accuser, while Roe has no constitutional right to question Doe.

proceeding. Obviously, in order for these "fact finders" to be unbiased, they must be completely removed from and unaware of the prior hearing, just like jurors are excused for cause from trials where the jurors have been exposed to a matter before the trial. If these new SMIT members were exposed to the prior, procedurally flawed process, then they must not serve on the SMIT.

### ii. Argument and Application of the Law

In accordance with Federal Rules of Civil Procedure Rule 65(b)(1), The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.
>
> Fed. R. Civ. P. 65(b)(1)

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).

1)      <u>Substantial likelihood of success on the merits</u>

This Court has already held that the Defendants' failure to allow Doe to cross examine the accuser and witnesses likely deprived Doe of due process under the law. [See Dkt. 35]. Now, the Defendants want to hold another hearing without allowing Doe to be present in the room or allow Doe, or his representative to cross examine the accuser or any witnesses.

When it comes to due process, the "opportunity to be heard" is the constitutional minimum. *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). But determining what being "heard" looks like in each particular case is a harder question. The Supreme Court has declined to set out a universal rule and instead instructs lower courts to consider the parties' competing interests. *See Mathews v. Eldridge*, 424 U.S. 319, 335; *Goss v. Lopez*, 419 U.S. 565, 579 (1975). So, consistent with this command, the 6th circuit has made two things clear: (1) if a student is accused of misconduct, the university must hold some sort of hearing before imposing a sanction as serious as expulsion or suspension, and (2) when the university's determination turns on the credibility of the accuser, the accused, or witnesses, that hearing must include an opportunity for cross-examination. *Univ. of Cincinnati*, 872 F.3d at 399–402; *Flaim*, 418 F.3d at 641.

Due process requires cross-examination in circumstances like these because it is "the greatest legal engine ever invented" for uncovering the truth. *Univ. of Cincinnati*, 872 F.3d at 401–02 (citation omitted). Not only does cross-examination allow the accused to identify inconsistencies in the other side's story, but it also gives the fact-finder an opportunity to assess a witness's demeanor and determine who can be trusted. *Id*. So if a university is faced with competing narratives about potential misconduct, the administration must facilitate some form of cross-examination in order to satisfy due process. *Id*. at 402.

In this matter, the Defendants want to force Doe to try and guess what kind of questions should be asked of Roe and witnesses before they are questioned, and submit questions to the SMIT, who may then disregard every questioned presented.  If Roe is asked any questions, Doe must then guess follow up questions, based upon assumed answers. Even if Doe's follow up questions are asked, the questions will be asked with a substantial gap in time based upon the revised process. Such a process falls short of a cross examination, and actually defeats the entire purpose of an effective cross-examination – the follow up question.

Further, the disruption in the cross-examining process will not allow the fact finders to observe the demeanor and credibility of the person being questioned, because there will be sizable gaps in the questions and answers.

2) <u>Substantial threat that failure to grant the injunction will result in irreparable injury</u>

The irreparable harm which would be suffered by Doe is tremendous. His reputation will be irreparably broken and for all reasonable purposes he will have to disclose to prospective employers and other schools the unconstitutional grounds if the SMIT panel again fails to provide him due process. Essentially, Doe could lose his professional life and more because of a false accusation, without due process.

The Fifth Circuit has explained that irreparable harm requires a showing of 1) the harm to the Plaintiff is imminent; 2) the injury would be irreparable; and 3) Plaintiff has no adequate legal remedy. *See GTE Card Services, Inc. v. AT & T Corp*, 1997 WL 74712, *2 (N.D. Tex. Feb. 12, 1997) aff'd 124 F.3d 191 (5th Cir. 1997).

Harm is imminent. The Defendants desire to put Doe through an almost identical procedure as before. Doe should not be required to stand trial without due process and hope to be found not guilty, rather, Doe should be afforded due process at the beginning of the process

Further, Doe has no other adequate legal remedy. Because of the 11th Amendment, Doe may be prohibited from some monetary damages. Further, money would not be able to repair Doe's reputation, nor would money or any other legal remedy be able to give Doe back the next year of his life spent on suspension, nor would money be able to replace Doe's reputation.

Because Doe would be irreparably harmed if the Defendants are not required to provide Doe due process under the law, this Court should grant Doe's Motion for Temporary Restraining Order and Injunction and set a hearing on a preliminary injunction.

3) <u>The threatened injury must outweigh any damage that the injunction will cause to the adverse party</u>

Defendants will suffer no injury as a result of being restrained as requested herein.

Because the Defendants will incur no damage or injury as a result of the entry of the injunctive relief requested, this Court should grant Doe's Motion for Temporary Restraining Order and Injunction.

4) <u>The injunction must not have an adverse effect on the public interest.</u>

The requested injunction will have no adverse effect on the public interest. Rather, the opposite may be true.

Conversely, the public has a strong interest in Doe completing his education and being a productive member of society. Further, the public has a strong interest in ensuring that students are afforded due process and that Title IX is observed and adhered to by the University.

6

In addition, the harm caused to Doe by failing to enter an injunction may actually harm future victim's rights due to the fallacy in Jane Roe's allegations.

## CONCLUSION

This Court must enter a temporary restraining order, and upon a hearing, a preliminary injunction, enjoining the Defendants from violating John Doe's constitutional rights and rights established under Title IX, enjoining them from continuing the discriminatory and unlawful disciplinary action until the Defendants put procedures in place to safeguard Doe's due process rights.

WHEREFORE PREMISES CONSIDERED, John Doe respectfully requests that this Court enter an Order granting the relief sought herein, and that a hearing be set in accordance with the Fed. R. Civ. P. 65 on the imposition of a preliminary injunction.

RESPECTFULLY SUBMITTED this the 25th day of October, 2018.

                    JOHN DOE
                    PLAINTIFF

                    */s/ Daniel M. Waide*
                    DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net

## **CERTIFICATE OF SERVICE**

I, Daniel M. Waide, do hereby certify that I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 25th day of October, 2018.

                                                            */s/ Daniel M. Waide*
                                                DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net