IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOHN DOE**                                                                                    **PLAINTIFF**

V.                                                                          CAUSE NO:2:18cv153-KS-MTP

**THE UNIVERSITY OF SOUTHERN MISSISSIPPI;
STATE INSTITUTIONS OF HIGHER LEARNING ("IHL");
STATE OF MISSISSIPPI; RODNEY D. BENNETT in his official
Capacity; and DOES 1-10**                                                      **DEFENDANTS**

**SUPPLEMENT TO SECOND MOTION FOR TEMPORARY RESTRAINING
ORDER AND INJUNCTIVE RELIEF**

COMES NOW PLAINTIFF, and makes this, his Supplement to Second Motion for Temporary Restraining Order and Injunctive Relief, and would show unto Court the following, to wit:

On November 16, 2018 the Department of Education released proposed regulations which apply directly to this matter. The Department of Education had previously withdrawn guidelines regarding Title IX and disciplinary matters, including retraction of the prohibition on cross-examination.

Under these new guidelines and regulations, the University of Southern Mississippi would be in violation of several requirements:

1) Under the new guidelines, a "recipient," such as the University, must have a separate person determine responsibility. The Title IX coordinator and the person(s) conducting an investigation are not allowed to determine responsibility. **Exhibit A, p. 146.** In accordance with University policy, the SMIT panel investigates and determines responsibility.

1

    2) Under new guidelines, "Such cross-examination at a hearing must be conducted by the party's advisor of choice, notwithstanding the discretion of the recipient under paragraph (b)(3)(iv) of this section to otherwise restrict the extent to which advisors may participate in the proceedings." **Exhibit A, p. 52-54.** Under the current procedure set forth by the University, Doe cannot question any person and can only submit proposed questions which can be wholly disregarded by the University. The current procedures set out by the University will violate the new proposed guidelines.

There is no doubt that the University will reply and state that these proposed rules are not in effect at this time. However, these same issues have been raised by Doe. More specifically, Doe complains in his Second Motion for Temporary Restraining Order and Injunctive Relief that he is being deprived of due process because he is not allowed to cross examine the accuser or any witness. Doe is being required to submit proposed questions which may be disregarded by the University. Doe is more than willing to conduct his cross examination through an advisor, but requiring "proposed" questions runs afoul of the newly proposed regulations.

    These newly proposed regulations may in fact not be binding at this time, but the newly proposed regulations are certainly persuasive and show that the United States Department of Education agrees with Doe's position regarding cross-examination.

    At the very least, the University should be enjoined from proceeding with this hearing until these newly proposed regulations are finalized or until the University allows Doe a right to cross-examine his accuser and witnesses through his selected adviser. Doe should not be

deprived of due process simply because the new rules are not "binding." Doe's case should not be allowed to fall through the cracks.

The University will not be prejudiced in either scenario, especially since Roe is not on campus and no person has ever accused Doe of being a threat to anyone. Doe must be afforded due process, and the Department of Education as taken Doe's position as evidenced by the newly proposed regulations.

WHEREFORE PREMISES CONSIDERED, John Doe respectfully requests that this Court enter an Order granting the relief sought herein, and that the University be enjoined from proceeding against Doe until procedural safeguards are implemented to prevent the deprivation of Doe's rights under the 14th Amendment.

RESPECTFULLY SUBMITTED this the 19th day of November, 2018.

JOHN DOE
PLAINTIFF

　/s/ Daniel M. Waide　
DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 H<small>ARDY</small> S<small>T.</small>
PO B<small>OX</small> 17738
H<small>ATTIESBURG</small>, MS 39404
601-582-4553 (O<small>FFICE</small>)
601-582-4556 (F<small>AX</small>)
dwaide@jhrlaw.net

## CERTIFICATE OF SERVICE

      I, Daniel M. Waide, do hereby certify that I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      So certified this the 19th day of November 2018.

                                                       */s/ Daniel M. Waide*
                                                       DANIEL M. WAIDE

Daniel M. Waide, (MSB#103543)

1300 Hardy St.

PO Box 17738

Hattiesburg, MS 39404

601-582-4553 (Office)

601-582-4556 (Fax)

dwaide@jhrlaw.net